**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Kenya Hodges**, <br><br> Plaintiff, <br><br> vs. <br><br> **Glendale Healthcare Associates LLC d/b/a Bella Vita Health and Rehabilitation Center**, an Arizona Limited Liability Company, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Kenya Hodges ("Plaintiff" or "Kenya Hodges"), sues the Defendant, Glendale Healthcare Associates LLC d/b/a Bella Vita Health and Rehabilitation Center ("Defendant" or "Bella Vita") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum wages under the Arizona

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Defendant owned and operated as "Bella Vita Health and Rehabilitation Center," an enterprise doing business in Maricopa County, Arizona.

9. Under the FLSA, Defendant is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As a person who acted in the interest of Defendant in relation to Bella Vita's employees, Defendant is subject to liability under the FLSA.

10. At all relevant times, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

11. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq*., apply to Defendant.

12. At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

13. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

14. At all relevant times, Plaintiff was an "employee" of Defendant as defined by A.R.S. § 23-362.

15. At all relevant times, Defendant was and continues to be an "employer" of Plaintiff as defined by A.R.S. § 23-362.

16. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

17. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

18. At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

19. At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

20. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

21. Defendant owns and/or operates as Bella Vita Health and Rehabilitation Center, an enterprise that is a nursing and rehabilitation facility doing business in Maricopa County, Arizona.

22. At all relevant times, Plaintiff began working for Defendant in approximately November 2022.

23. At all relevant times, in her work for Defendants, Plaintiff worked as a human resources and staffing worker for Defendant.

24. Defendant, in its sole discretion, agree to pay Plaintiff $19 per hour.

25. At all relevant times, Plaintiff was paid, or supposed to be paid, on a semi-monthly basis.

26. During the pay period from September 16, 2021, and September 30, 2021, Plaintiff worked approximately 83 hours, including approximately one hour of overtime.

27. On or about October 8, 2021, Plaintiff received a paycheck for the pay period from September 16, 2021, and September 30, 2021, that included the approximately 83 hours of time worked (the "October 8 Paycheck").

28. Before cashing, depositing, or otherwise negotiating the October 8 Paycheck, Plaintiff inadvertently misplaced the October 8 Paycheck.

29. Sometime in early 2023, Plaintiff found the October 8 Paycheck.

30. Shortly thereafter, Plaintiff contacted Defendant's human resources department to ask whether Defendant could reissue the October 8 Paycheck because it had expired.

31. In response, an individual named Jenna (last name unknown) stated to Plaintiff that reissuing the check would not be a problem and instructed Plaintiff to bring the paycheck to Defendant's human resources department for inspection and reissuance.

32. On or about February 14, 2023, Plaintiff brought the October 8 Paycheck to Defendant's human resources department and left it for Jenna, who was not in the office when Plaintiff delivered the October 8 Paycheck.

33. For some time, Plaintiff did not receive confirmation from Jenna or anyone from Defendant's human resources department, so she contacted Defendant's human resources department by telephone to confirm.

34. During that telephone call, Jenna confirmed receipt of the October 8 Paycheck.

35. For weeks, no one sent or reissued a new paycheck to Plaintiff.

36. On or about March 3, 2023, Plaintiff went back into Defendant's human resources department to ask about the October 8 Paycheck, and she was told the Jenna was not there.

37. Since that date, Plaintiff has still not received a reissued check for the October 8 Paycheck.

38. To date, no one from Defendant's human resources department has contacted Plaintiff about the October 8 Paycheck.

39. To date, Defendants have taken no corrective action with regard to the October 8 Paycheck.

40. As a result of the aforementioned allegations, Defendants never paid Plaintiff's final paycheck.

41. As a result of the aforementioned allegations, Defendants failed to compensate Plaintiff any wages whatsoever for the final approximately two workweeks of her employment with Defendants.

42. Therefore, for the final approximately two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

43. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

44. As a result of not having paid any wage whatsoever to Plaintiff for her final approximately two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

45. As a result of Defendants' failure to compensate Plaintiff any overtime wage whatsoever for the overtime hours worked in Workweek A, Defendants violated 29 U.S.C. § 207(a).

46. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

47. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

48. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-350, et seq.

49. Plaintiff was a non-exempt employee.

50. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

51. Plaintiff is a covered employee within the meaning of the FLSA.

52. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. As a result of not paying Plaintiff any wage whatsoever for the final approximately two workweeks of her employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

58. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

59. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kenya Hodges, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE**

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. As a result of not paying Plaintiff any wage whatsoever for the final approximately two workweeks of her employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

62. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

63. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kenya Hodges, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES DUE AND OWING

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

66. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

67. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final approximately two workweeks she was employed by Defendants.

68. Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Kenya Hodges, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 3rd day of April, 2023.

                BENDAU & BENDAU PLLC

                By: /s/ *Clifford P. Bendau, II*
                Clifford P. Bendau, II
                Christopher J. Bendau
                *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Kenya Hodges, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

Kenya Nelson (Apr 3, 2023 19:11 PDT)
Kenya Hodges